# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRCT OF MICHIGAN

| | | |
|---|---|---|
| **Babbitt's Sports Center, LLC** | : | Civil Case No. 1:23-cv-955 |
| 3712 Airline Rd., | : | Judge: |
| Muskegon, MI 49444 | : | |
| | : | **ORIGINAL COMPLAINT** |
| | : | |
| **Plaintiff,** | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| **Holzhauer Auto and Truck Sales, Inc.** | : | |
| 17933 Holzhauer Automall Dr. | : | |
| Nashville, IL 62263 | : | |
| | : | |
| **Defendant.** | : | |

Daniel J.M. Schouman (P55958)
DANIEL J. M. SCHOUMAN, PLC
1060 E. West Maple Rd.
Walled Lake, MI  48390
(248) 669-9830
Attorneys for Plaintiff
dschouman@gmail.com

Plaintiff, Babbitt's Sports Center, LLC for its Complaint against Holzhauer Auto and Truck Sales, Inc. states as follows:

## I.    NATURE OF THE CLAIMS

1. This is an action for trademark infringement, dilution, and tarnishing and for unfair competition under the trademark laws of the United States, 15 U.S.C. 1051, *et. seq*.

## II.    PARTIES, JURISDICTION AND VENUE

2. Plaintiff is a Michigan limited liability company with its principal place of business in the City of Muskegon, Michigan.

1

3. Defendant is an Illinois corporation organized under the laws of the State of Illinois with its principal place of business in Nashville, Illinois.
4. This court has subject-matter jurisdiction over this case pursuant to 15 USC 1121 and 28 USC 1331 and 28 USC 1338(a) and 28 USC 1338(b) because this case arises under the trademark laws of the United States, 15 USC 1051, *et seq*.
5. This court has personal jurisdiction over defendant because the defendant purposefully avails itself of the privilege of acting in the State of Michigan and/or is causing a consequence in Michigan; and the cause of action arises from the defendant's activities within the State of Michigan; and the acts of the defendant or consequences caused by the defendant have substantial connection with the State of Michigan to make the exercise of jurisdiction over the defendant reasonable.
6. Venue is proper in this district pursuant to 28 USC 1391 because a substantial portion of the events that give rise to this cause of action occurred in the Western District of Michigan and/or for venue purposes, the defendant is deemed a resident as it is subject to the Court's personal jurisdiction.

### III.     DEFENDANT'S UNLAWFUL ACTIONS

7. Since 2006, plaintiff has been selling powersports (motorcycle, ATV, UTV, snowmobile, and PWC) parts, garments and accessories in its Muskegon, Michigan location and online under the name PARTSHOUSE.
8. Since August 25, 2015 plaintiff's mark, PARTSHOUSE, has been registered with the United States Patent and Trademark Office, registration number 4,797,935.  (EXHIBIT A).
9. Since 2006, plaintiff has spent over 20 million dollars in marketing itself as PARTSHOUSE and built brand recognition and loyalty under that name within the powersports community.  In fact, due to the extensive use of said mark, plaintiff's mark has become a famous mark as defined in 15 USC 1125(c).

10. Plaintiff is an authorized dealer for numerous powersports manufacturers including in relevant part, Kawasaki, Honda, and Yamaha.

11. Accordingly, plaintiff sells powersports, parts, garments, and accessories online at the following web addresses:

    Kawasakipartshouse.com

    Hondapartshouse.com

    Yamahapartshouse.com

12. Recently, defendant started selling powersports, parts, garments, and accessories online at the following web addresses:

    Kawasakipartswarehouse.com

    Hondasportpartswarehouse.com

    Yamahasportpartswarehouse.com

13. As plaintiff and defendant both operate powersports dealerships and sell many of the same powersports brands, the individual owners of the parties, Edward Babbitt, Jr. and Allen and Brad Holzhauer know each other and have travelled to the same dealer meetings over the years.  Accordingly, on information and belief, the owners of defendant were aware of the time and money expended by plaintiff to build the PARTSHOUSE name in the powersports industry and witnessed first-hand the success of plaintiff in utilizing its mark for online sales of powersports parts, garments and accessories.

14.  Instead of spending the time, effort, and money to build its own mark, defendant started using the name, PARTSWAREHOUSE, to sell online the exact same products to the exact same customer base as plaintiff.

15. In fact, defendant substantially copied the format and design of plaintiff's websites in what would appear to be an intent to confuse plaintiff's customers.
16. Due to these unlawful actions, plaintiff's customer service department is now regularly receiving customer calls about orders that, on information and belief, were actually placed with the defendant.
17. Many of these calls are complaints about orders not being fulfilled or money not being refunded.
18. In fact, customer(s) are leaving negative reviews on plaintiff's website for orders believed to be placed with the defendant.  Moreover, plaintiff has received a complaint notification from the Better Business Bureau for an order that is also believed to be placed with the defendant.  (EXHIBIT B).
19. Due to the potential and actual confusion that is being caused by the defendant using the name, PARTSWAREHOUSE, to sell powersports parts, garments, and accessories, plaintiff, through its attorney, sent defendant a demand to cease and desist utilizing the name, PARTSWAREHOUSE for the online sale of powersports, parts, garments, and accessories.
20. Despite the demand, defendant refused and continues to refuse to cease using said name.

### COUNT I—TRADEMARK INFRINGEMENT, 15 USC 1114(1)(A)

21. Plaintiff incorporates the foregoing paragraphs as if fully restated here.
22. Plaintiff is the owner of all rights, title, and interests in and to the mark PARTSHOUSE (the Trademark).
23. Defendant has, without plaintiff's consent, used and continues to use in commerce the Trademark or counterfeits, copies, reproductions, or colorable imitations of it in connection with the sale, offering for sale, distribution, and advertising of defendant's products, particularly powersports parts, garments, and accessories, which are the same goods sold by the plaintiff.

24. Defendant's actions constitute infringement of plaintiff's exclusive rights in the Trademark in violation of 15 USC 1114.
25. Defendant's acts of infringement have been and continue to be deliberate, willful, and wanton, making this an exceptional case under 15 USC 1117.
26. Defendant's use of the Trademark or counterfeits, copies, reproductions, or colorable imitations of it has been and continues to be done with the intent to cause confusion and mistake and to deceive consumers concerning the source or sponsorship of defendant's goods and services.
27. As a direct and proximate result of defendant's conduct, plaintiff has suffered irreparable harm to its valuable mark. Unless defendant is restrained from further infringement of the Trademark, plaintiff will continue to be irreparably harmed.
28. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if defendant's conduct is allowed to continue.

## COUNT II— FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## 15 USC 1125(A)

29. Plaintiff incorporates the foregoing paragraphs as if fully restated here.
30. Plaintiff has expended substantial resources including time and money in building a brand with the PARTSHOUSE mark and the associated online sales of powersports parts, garments, and accessories.
31. As a result, the powersports community associates the online sale of powersports parts, garments, and accessories under the name PARTSHOUSE to the plaintiff, including without limitation the web addresses Kawasakipartshouse.com; Yamahapartshouse.com; and Hondapartshouse.com.

32. Defendant's current and intended use of the name PARTSWAREHOUSE for the sale of powersports parts, garments and accessories and particularly defendant's web addresses of Kawasakipartswarehouse.com; Yamahasportpartswarehouse.com; and Hondasportpartswarehouse.com constitutes unfair competition and violation of the Lanham Act, 15 USC 1125(a) and violates plaintiff's prior rights to the PARTSHOUSE mark with respect to the sale of powersports parts, garments, and accessories.

33. Defendant's use in interstate commerce of PARTSWAREHOUSE, as described above, has caused actual confusion, and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendant with plaintiff, or as to the origin, sponsorship, or approval of defendant's services or commercial activities, by plaintiff in violation of 15 USC 1125(a).

34. As a direct and proximate result of defendant's conduct, the plaintiff has and will suffer damages to its valuable PARTSHOUSE mark and other damages.

35. Defendant has unjustly profited by its intended unlawful actions and will continue to do so if those actions are allowed to continue.

36. Defendant at all relevant times was aware of plaintiff's mark and was even notified to cease and desist using PARTSWAREHOUSE.  Nevertheless, the defendant continues to use the same.

37. Accordingly, the actions of defendant are willful and intended to cause confusion, cause mistake, or deceive.

38. Defendant's conduct and acts will cause irreparable harm to plaintiff unless enjoined by the court.

39. Damages alone would not provide plaintiff with an adequate remedy at law.

**COUNT III— TRADEMARK DILUTION BY BLURRING AND/OR TARNISHMENT 15 USC 1125(C)**

40. Plaintiff incorporates the foregoing paragraphs as if fully restated here.

41. Plaintiff has expended substantial resources including time and money in building a brand with the PARTSHOUSE mark and the associated online sales of powersports parts, garments, and accessories since 2006.
42. Plaintiff's efforts have made its mark famous with respect to the online sales of powersports parts, garments, and accessories.
43. As a result, the powersports community associates the online sale of powersports parts, garments, and accessories under the name PARTSHOUSE to the plaintiff, including without limitation the web addresses Kawasakipartshouse.com; Yamahapartshouse.com; and Hondapartshouse.com.
44. Defendant's current and intended use of the name PARTSWAREHOUSE for the sale of powersports parts, garments and accessories and particularly defendant's web addresses of Kawasakipartswarehouse.com; Yamahasportpartswarehouse.com; and Hondasportpartswarehouse.com is tarnishing the reputation of plaintiff's famous mark.
45. Defendants current and intended use of the name PARTSWAREHOUSE for the sale of powersports parts, garments and accessories and particularly defendant's web addresses of Kawasakipartswarehouse.com; Yamahasportpartswarehouse.com; and Hondasportpartswarehouse.com impairs and/or diminishes the plaintiff's famous mark and constitutes the blurring of said mark.
46. Defendant's use of the mark in interstate commerce is a violation of the Lanham Act, 15 USC 1125(c) and violates plaintiff's prior rights to the PARTSHOUSE mark with respect to the sale of powersports parts, garments, and accessories and defendant's use is diluting and/or tarnishing plaintiff's mark.
47. As a direct and proximate result of defendant's conduct, the plaintiff has and will suffer damages to its valuable PARTSHOUSE mark and other damages.
48. Defendant has unjustly profited by its intended unlawful actions and will continue to do so if those actions are allowed to continue.

49. Defendant at all relevant times was aware of plaintiff's mark and was even notified to cease and desist using PARTSWAREHOUSE. Nevertheless, the defendant continues to use the same.
50. Accordingly, the actions of defendant are willful and intended to cause confusion, cause mistake, or deceive.
51. Defendant's conduct and acts will cause irreparable harm to plaintiff unless enjoined by the court.
52. Damages alone would not provide plaintiff with an adequate remedy at law.

## IV. **RELIEF REQUESTED**

PLAINTIFF REQUESTS that the court grant the following relief:

A. a determination that Defendant has violated the Lanham Act; and in particular 15 USC 1114(1)(a), 15 USC 1125(a) and 15 USC 1125(c) and that Plaintiff has been damaged by those violations, and that the Defendant is liable to Plaintiff for those violations;
B. a determination that this case is "exceptional" in the sense of 15 USC 1117(a);
C. under all claims for relief, that an injunction be temporarily, preliminarily, and permanently issued against defendant; its employees, agents, successors, and assigns; and all those in active concert and participation with it and that each of them who receives notice directly or otherwise of the injunctions be enjoined from imitating, copying, or making any unauthorized use of the Trademark or from importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Trademark;
D. an order directing that defendant deliver for destruction all products, labels, badging, tags, signs, prints, packages, and advertisements in its possession or under its control that bear or use the Trademark or any simulation,

  reproduction, counterfeit, copy, or colorable imitation and all plates, molds, matrices, and other means of making it, pursuant to 15 USC 1118;

E. an award of plaintiff's costs and disbursements incurred in this action, including plaintiff's attorney fees;

F. an award of plaintiff's damages arising out of defendant's acts;

G. an award of plaintiff's damages trebled or an award of defendant's wrongful profits trebled, whichever is greater, plus plaintiff's costs and attorney fees, pursuant to 15 USC 1117;

H. punitive damages against defendant in an amount up to three times the amount of the damages awarded to plaintiff;

I. that defendant be held liable for all pre- and post-judgment interest;

J. any other relief the court deems just and proper.

## Jury Demand

Plaintiff requests a trial by jury for all eligible counts in this complaint.

                Daniel J. M. Schouman, PLC

Dated: September 11, 2023    /s/ Daniel J. M. Schouman
                Daniel J. M. Schouman (P55958)
                Attorney for Plaintiff
                1060 E. West Maple
                Walled Lake, MI 48390
                (248) 669-9830
                (248) 669-9840 (fax)
                Dschouman@gmail.com